Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

Joseph C. Abramson, for appellant.
C. Arthur Coan, for respondent.

GAYNOR, J. This is claimed by the plaintiff to be a suit to enforce an equitable lien on real estate. The complaint is that the defendant made a written agreement to convey to the plaintiff on a day named a lot of land; that the plaintiff paid $500 of the purchase price on the making of the contract; that on the contract day the defendant was and ever since has been unable to convey a good title; that it cost the plaintiff $175 to examine the title; and that by reason of these facts the plaintiff has an equitable lien on the land for $675. Specific performance is not prayed for, but only the foreclosure of this lien.

There is no such lien legally or equitably. A vendee of real estate who has not been let into possession under the contract has no lien. There is no such head of equity. Reference to any text-book on equity shows this; and we are not without a decided case on the point. Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107. The order cancelling the lis pendens was therefore well granted. It is true that the language of some opinions (Lindheim & Co. v. Central Const. Co., 111 App. Div. 275, 97 N. Y. Supp. 619) to the effect that the court will not search the complaint as on a demurrer to see whether the case be one for a lis pendens, is very large, but it has its limitation. The filing of a lis pendens is permitted only "in an action brought to recover a judgment affecting the title to or the possession, use or enjoyment of real property." Code Civ. Proc. § 1670. On a motion to cancel the lis pendens the complaint must certainly be looked into, and with all the scrutiny necessary, to see whether the action be of this kind. If the facts alleged in the complaint are not sufficient to make it such an action, the prayer for relief cannot make it such. If, for instance, the action be on a promissory note, the prayer for relief cannot turn it into one brought to get a judgment of lien upon or affecting the title to real property.

The order should be affirmed.

Order affirmed, with costs and disbursements. All concur.

(119 App. Div. 716)

## HOLDEN v. RUSH.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

WILLS—CONSTRUCTION—ESTATE CREATED.
     The division of a will, marked "Second," in its first paragraph made an absolute devise to children, subject to a prohibition against removal of a barn, etc. Then follows a period and the paragraph: "Together with all the furniture * * * just as it is today, they to use * * * said * * * premises * * * until R., the youngest of said children, shall have reached his majority, at which time, if either one desires to purchase the interest of the other therein, he or she may do so." Held, that the two paragraphs must be read as one sentence, showing testatrix's intent, susceptible of legal enforcement, to give the children, share and

share alike, her property, and to insure to them a home in the house fur-
nished as she left it until the younger child should become of age.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1344,
1454.]

Appeal from Special Term.

Action by Clarence E. Holden against Ralph Rush. From an in-
terlocutory judgment for defendant, plaintiff appeals. Affirmed.

The following is the opinion of Van Kirk, J., at Special Term:

This action is brought for the partition of certain real estate situate in the
village of Whitehall, N. Y. The defendant, Ralph Rush, interposes an an-
swer, and as a second separate defense sets up a will of S. Elnora Rush, and
claims that under the provisions of this will the real estate sought to be par-
titioned or sold could not be disposed of until the defendant, Ralph Rush,
reaches the age of 21 years. The plaintiff has demurred to this separate an-
swer on the ground that it is insufficient in law. Whether or not it is in-
sufficient depends, as the attorneys for both parties contend here, upon the
construction of the will of S. Elnora Rush.

Plaintiff contends that the clause of the will giving the title to the said
real estate conveys an absolute title in fee, and therefore the restriction up-
on the sale of the property until the son Ralph shall reach the age of 21
years is repugnant to the earlier clause of the will, and therefore must be
disregarded. In the certified copy of the will furnished to me, the division of
the will marked "Second" in its first paragraph makes an absolute devise
to the children, Ralph and Myrtle, of the house and lot in question, subject
to the condition that the barn on the premises shall not be moved, nor any
trees on said premises cut down. Then follows a period, and a paragraph
which continues: "Together with all the furniture, including piano, etc.,
contained in the house just as it now is to-day, they to use and enjoy said
house and premises and all that it contains until Ralph, the youngest of said
children, shall have reached his majority, at which time, if either one desires
to purchase the interest of the other therein, he or she may do so." Al-
though the last quotation is in a separate paragraph and is preceded by a
period, the quotation is incomplete and is a part of the first sentence of the
said second division of the will. Without reading it as a part of the first
sentence, there are no words disposing of the personal property. The form
is not unlike that contained in conveyances, and the first two paragraphs of
the second division of the will must be read as one sentence. By this sen-
tence, while apparently an absolute title is devised to the two children, the
condition in the same sentence is attached, which shows plainly that the
mother intended the children to have a home in the house and the right to
keep the said real estate until the younger child reached the age of 21 years.
It seems to me that this is the plain intent of the testatrix, and that the later
paragraph in the said second clause, which forbids either of the children to
dispose of any of the property "herein bequeathed and devised until my son
Ralph shall have reached his majority," is not necessary to be operative.
The first sentence in the said second division of the will conveys the same
intent upon the part of the testatrix which is contained in this later provision.

The suggestion of the plaintiff that this later paragraph refers only to the
personal property does not seem to be well taken, because personal property is
not devised. If there were no other expressions in the will than this later
paragraph, which forbids the sale of any property until Ralph attains his
majority, to show the intent of the testatrix, the authorities cited by the
plaintiff to the effect that a restriction upon the absolute devise is repugnant,
and therefore must be disregarded, would be more plainly applicable. I find
no authority which holds that a testator may not in one and the same sentence
in his will use words which apparently make an absolute devise of real es-
tate and restrict the devisees, his children, from disposing of the real estate
until the youngest child reaches his majority. I know of no principle of law
which forbids that the plain intent of the testator, as expressed in this will,
should not be given effect. It can hardly be said that, the defendant, Ralph,
being a minor, his interests could not be affected by a sale of the house and

the substitution of the proceeds of the sale in place of his interest in said house. The mother desired the children to have a home until the younger child reached his majority, and it does not appear that the proceeds of his interest in this real estate would provide them a home, or that he would be as well cared for on those proceeds as in the home which the mother intended he should have until he reached his majority. In my opinion the testatrix, the mother of Ralph and Myrtle, intended by her will to give to her two children, share and share alike, her real and personal property, and to insure to her children a home in the house furnished as she left it, until the younger child should attain the age of 21 years. I do not think the court is required to interfere with this plain intent.

An order may be prepared overruling the demurrer, with costs in favor of the defendant, Ralph, against the plaintiff.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. Sanford Potter, for appellant.
Robert O. Bascom, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of Van Kirk, J., at Special Term.

---

LUTFY v. SULLIVAN.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

VENUE—CHANGE OF—CONVENIENCE OF WITNESSES.
> Where plaintiff, in an action for damages for unlawful arrest, resided in the county where the action was begun, but it appeared that the cause of action arose and the witnesses resided in another county, defendant was entitled to a change of venue to the latter county.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 76.]

Appeal from Special Term, Kings County.

Action by Michael Lutfy against James L. Sullivan. From an order denying defendant's motion to change the venue, he appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Hiram C. Todd (Edgar T. Brackett, on the brief), for appellant.
Maurice M. Greenstein, for respondent.

JENKS, J. We think that the motion to change the place of trial from Kings county to Saratoga county should have been granted. The action is for damages against a member of the Business Men's Association of the village of Saratoga for laying an information which caused the unlawful arrest and the arraignment of the plaintiff for a misdemeanor. The doings of the plaintiff which induced the defendant to make the charge were in the said village, the arrest was made in that village by its authorities, and the hearing was had thereon before its police judge. The defendant names a large number of witnesses, of whom many, at least, seem to be material. All of them reside in that village. The plaintiff's attorney by his affidavit challenges the materiality of some of them, deposes that the plaintiff re-